**Lakeisha JORDAN, individually and on behalf of Y.F., a minor, as her next friend and Y.F., a Minor, Appellants**

v.

**DISTRICT OF COLUMBIA, et al., Appellees**

No. 16-7019

September Term, 2016

United States Court of Appeals, District of Columbia Circuit.

Filed On: February 3, 2017

Christopher T. Nace, Esquire, Paulson & Nace, Washington, DC, for Plaintiffs-Appellants

Lucy E. Pittman, Assistant Attorney General, Loren L. AliKhan, Deputy Solicitor General, Todd Sunhwae Kim, Solicitor General, Karl A. Racine, Office of the Attorney General, District of Columbia, Office of the Solicitor General, Washington, DC, for Defendants-Appellees District of Columbia, Roque Gerald

Alan S. Block, Bonner Kiernan Trebach & Crociata LLP, Washington, DC, for Defendant-Appellee Psychiatric Institute of Washington, Inc.

Before: Garland, Chief Judge, and Kavanaugh and Srinivasan, Circuit Judges.

**JUDGMENT**

Per Curiam

This case was considered on the record from the United States District Court for the District of Columbia and the briefs and oral arguments of the parties. The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. See Fed. R. App. P. 36; D.C. Cir. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the judgment of the District Court be **AFFIRMED**.

Lakeisha Jordan is the mother of Y.F. In 2006, pursuant to court order, the District of Columbia's Child and Family Services Agency took physical custody of Y.F. because of Jordan's neglect of Y.F. Pursuant to a subsequent court order, Y.F. was sent to the Psychiatric Institute of Washington for psychiatric treatment. While there, the medical professionals determined that Y.F. needed anti-psychotic medications. The Psychiatric Institute of Washington obtained consent from Y.F.'s custodian at the time—the District of Columbia's Child and Family Services Agency—and administered the medications.

Lakeisha Jordan and Y.F. later filed suit alleging that Y.F. was denied due process when the anti-psychotic medications were administered to Y.F. without Jordan's consent. The District Court granted summary judgment to the District of Columbia and the Psychiatric Institute of Washington on the due process claim. See Jordan v. Dis-

**4**

trict of Columbia, 161 F.Supp.3d 45 (D.D.C. 2016).

The Due Process Clause "provides heightened protection against government interference with certain fundamental rights and liberty interests." *Washington v. Glucksberg*, 521 U.S. 702, 720, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997). "However, only deprivations of liberty caused by the most egregious official conduct may violate the Due Process Clause." *Abdelfattah v. Department of Homeland Security*, 787 F.3d 524, 540 (D.C. Cir. 2015) (internal quotation marks and alterations omitted).

A liberty interest may be implicated when the government administers anti-psychotic medications to a child in its custody. *See Washington v. Harper*, 494 U.S. 210, 221-22, 110 S.Ct. 1028, 108 L.Ed.2d 178 (1990). Appellants argue that the administration of medication without obtaining consent from Y.F.'s mother would violate due process if it substantially departed from accepted "professional judgment," Appellants' Br. 21 (quoting *Youngberg v. Romeo*, 457 U.S. 307, 323, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982)), or was "deliberate[ly] indifferen[t]," *id.* at 27 (quoting *Smith v. District of Columbia,* 413 F.3d 86, 95 (D.C. Cir. 2005)). Under either formulation, however, appellees' actions in this case did not violate due process. Appellees' actions did not amount to a substantial departure from accepted professional judgment, or to deliberate indifference.

The expert evidence in the record establishes that the anti-psychotic medications were an appropriate treatment for Y.F.'s medical conditions. And the evidence likewise shows that the Psychiatric Institute of Washington obtained consent from the District of Columbia's Child and Family Services Agency for at least some of the administrations of anti-psychotic medications. The Psychiatric Institute of Wash-

ington obtained consent from the District of Columbia's Child and Family Services Agency and not from Jordan because the Agency, pursuant to court order, had taken physical custody of Y.F. due to Jordan's neglect. Under the facts and circumstances in this record, the District Court correctly concluded that appellees are entitled to summary judgment on the due process claim.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).